## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HYPERCUBE, LLC and KMC DATA, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-822-GMS |
| | ) | |
| QWEST COMMUNICATIONS | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II, III, IV AND V OF PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Of Counsel:
Timothy R. Beyer
Amy L. Benson
Lauren E. Schmidt
Brownstein Hyatt Farber Schreck, P.C.
410 Seventeenth Street, 22nd Floor
Denver, CO  80202-4437
Telephone:  303-223-1100

Dated:  January 22, 2008

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant
Qwest Communications Corporation

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING........................................................1

SUMMARY OF ARGUMENT ..........................................................................................1

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT........................................................................................................................4

    I.    STANDARD OF REVIEW.........................................................................4

    II.    KMC DATA'S FILED TARIFF CONCLUSIVELY AND
        EXCLUSIVELY GOVERNS THE RIGHTS AND LIABILITIES
        OF THE PARTIES ....................................................................................5

    III.    PLAINTIFFS' CLAIMS FOR BREACH OF IMPLIED
        CONTRACT, OPEN ACCOUNT, UNJUST ENRICHMENT
        AND QUANTUM MERUIT SEEK RECOVERY OF CHARGES
        OUTSIDE OF THE TARIFF AND THEREFORE FAIL TO STATE
        A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..........................6

        A.    Plaintiffs Fail To State A Claim For Breach Of Implied
            Contract And Action On Open Account.............................................6

        B.    Plaintiffs Fail To State A Claim For Quantum Meruit And
            Unjust Enrichment .........................................................................8

CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*AT&T Corp. v. JMC Telecom, LLC,*
470 F.3d 525 (3d Cir. 2006)..................................................................................9

*Alliance Commc'ns Coop., Inc. v. Global Crossing Telecomm., Inc.,*
2007 WL 1964271 (D.S.D. July 2, 2007) ...........................................................5, 9

*Am. Tel. & Tel. Co. v. Cent. Office Tel., Inc.,*
524 U.S. 214 (1998), *reh'g denied*, 524 U.S. 972 (1998).....................................5

*Anspach ex rel. Anspach v. City of Philadelphia,*
503 F.3d 256 (3d Cir. 2007)..................................................................................4

*Baer v. Chase,*
392 F.3d 609 (3rd Cir. 2004) ................................................................................7

*Baltimore O.R.R. v. United States,*
261 U.S. 592 (1923)...............................................................................................7

*Bell Atlantic Corp. v. Twombly,*
___ U.S. ___ 127 S. Ct. 1955 (2007)...................................................................4

*Eighth Report and Order In the Matter of Access Charge Reform,*
19 F.C.C.R. 9108 (F.C.C. 2004) ...........................................................................6

*Evanns v. AT&T Corp.,*
229 F.3d 837 (9th Cir. 2000), *cert. denied*, 533 U.S. 911 (2001)........................5

*ITC DeltaCom Commc'ns, Inc. v. U.S. LEC Corp.,*
2004 WL 3709999 (N.D. Ga. Mar. 15, 2004)....................................................6, 7

*ITT Fed. Support Servs., Inc. v. United States,*
531 F.2d 522 (3rd Cir. 1976) ................................................................................8

*MCI Worldcom Network Servs., Inc. v. Paetec Commc'ns, Inc.,*
204 Fed. Appx. 271 (4th Cir. 2006).......................................................................9

*MCI Worldcom Network Servs., Inc. v. Paetec Commc'ns, Inc.,*
2005 WL 2145499 (E.D. Va. Aug, 31, 2005), *aff'd* 204 Fed. Appx. 271 (4th Cir.
2006) .................................................................................................................*passim*

*In re Penn Central,*
831 F.2d 1221 (3d Cir.1987)...........................................................................8

*Union Tel. Co. v. Qwest Corp.,*
2004 WL 4960780 (D. Wyo. May 11, 2004), *aff'd*, 495 F.3d
1187 (10th Cir. 2007)................................................................................9

*Victaulic Co. v. Tieman,*
499 F.3d 227 (3d Cir. 2007)...........................................................................4

*Worldcom, Inc. v. Graphnet, Inc.,*
343 F.3d 651 (3d Cir. 2003)...........................................................................5

## FEDERAL STATUTES

47 U.S.C. § 203(c) .........................................................................................5

## STATE STATUTES

47 C.F.R. § 69.2(b) .......................................................................................2

RLF1-3245948-1

## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs HyperCube, LLC ("HyperCube") and KMC Data, LLC ("KMC Data") (collectively, "Plaintiffs"), filed their Complaint in this Court on December 17, 2007, asserting claims against Defendant Qwest Communications Corporation ("Qwest") for breach of interstate tariff, breach of implied contract, action on open account, quantum meruit, unjust enrichment, and declaratory judgment. In this motion, Qwest seeks to dismiss Plaintiffs' claims for breach of implied contract, action on open account, quantum meruit and unjust enrichment pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief may be granted. In addition, Qwest is simultaneously filing a motion to stay these proceedings pending resolution of a parallel state court action and a motion to transfer this proceeding to Colorado pursuant to 28 U.S. C. § 1404. Qwest respectfully requests that this Court decide the motion to transfer this case to Colorado before deciding this motion or its motion to stay.

## SUMMARY OF ARGUMENT

1.      Pursuant to the filed tariff doctrine, KMC Data's filed tariff conclusively and exclusively governs the rights and liabilities of the parties. Under this doctrine, once a tariff is filed with the Federal Communications Commission (the "FCC"), the specific terms of the tariff strictly govern the relationships between the carrier and those it deals with. Accordingly, a carrier is prohibited from collecting charges for services not described in its filed tariff.

2.      Plaintiffs' claims for breach of implied contract and action on open account fail to state claims upon which relief can be granted. The Complaint fails to allege that the parties agreed upon a price or upon the terms of the service. Instead, the Complaint alleges that throughout the time period at issue, Qwest protested the charges and informed Plaintiffs that the services at issue were of no benefit to it. Moreover, claims by a common carrier against a

customer for implied contract or open account are barred by the filed tariff doctrine and the principle that the filed tariff is the sole source of any obligation to pay for services provided.

3.      Plaintiffs' claims for quantum meruit and unjust enrichment fail to state a claim upon which relief can be granted because they seek recovery of charges outside the scope of Plaintiffs' filed tariff. The filed tariff doctrine precludes Plaintiffs from relying upon equitable principles to recover charges for services not governed by KMC Data's filed tariff.

## STATEMENT OF FACTS

Qwest is a long distance company that transmits telephone calls originated by customers of other phone companies to a point where the call can be transferred to the called party's local phone company. *See* Compl., ¶ 3. Companies that originate or terminate the calls to the calling parties may be wireless companies or landline companies. Landline companies that originate and terminate landline calls are referred to as local exchange carriers ("LECs"). Plaintiff KMC Data is a form of a local exchange carrier that is referred to as a competitive local exchange carrier ("CLEC"). *See id.*, ¶ 7. HyperCube is KMC Data's parent corporation and provides billing and collection services to KMC Data. *Id.*

At issue in this dispute are the access charges billed by Plaintiffs for toll free calls originated by wireless callers. Access charges (also called switched access charges) are charges that long distance companies like Qwest pay to landline companies to originate or terminate long distance calls. *See* Compl., ¶ 7; 47 C.F.R. § 69.2(b); *MCI Worldcom Network Servs., Inc. v. Paetec Commc'ns, Inc.*, 2005 WL 2145499, at *1 (E.D. Va. Aug. 31, 2005), *aff'd*, 204 Fed. Appx. 271 (4th Cir. 2006). Access charges are typically defined by tariff and compensate the LEC for the use of its network. *See* Compl., ¶¶ 7, 15. If the call is an <u>inter</u>state call, the access charge is defined by the LEC's interstate access tariff, which is filed with the FCC. *Id.*, ¶¶ 14,

2

15. If the call is an intrastate call, the access charge is determined by the LEC's tariff filed in the state where the call occurs. *See Paetec Commc'ns,* 2005 WL 2145499, at *1.

In their Complaint, Plaintiffs allege that they have provided interstate access and associated database query services to Qwest in connection with the transmission of wireless originated toll free interstate calls. Compl., ¶¶ 13, 17. Plaintiffs further allege that they have appropriately billed Qwest for these services and are entitled to collect such charges. *Id.*, ¶¶ 13, 19. Plaintiffs allege, however, that "commencing with KMC Data's bill for services rendered during November 2005, [Qwest] began withholding payment...." *Id.*, ¶ 19. Plaintiffs further allege that Qwest has "claimed that KMC Data's services are of no benefit to it." *Id.*, ¶ 21.

Plaintiffs contend that "[t]o the extent covered by tariffs, KMC Data's interstate access and associated database query charges to [Qwest] for services in connection with wireless 8XX calls are determined by and set forth in tariffs and price lists filed by KMC data with (and approved by) the FCC." *Id.*, ¶ 15. This allegation forms the basis for Count I of Plaintiffs' Complaint, which asserts a claim for breach of interstate tariff. While Qwest disputes these allegations and the propriety of the access charges billed by Plaintiffs for wireless originated toll free calls, Count I is not the subject of this motion to dismiss.

However, Plaintiffs also allege that "[i]f the service provided is not covered or governed by these tariffs, then charges are determined by express or implied contract or principles of quantum meruit, open account and/or unjust enrichment." *Id.*, ¶ 15. This allegation forms the basis for Counts II, III, IV and V of Plaintiffs' Complaint, which assert claims for breach of implied contract, action on open account, quantum meruit, and unjust enrichment.

In attempting to state claims for relief for breach of implied contract and action on open account, quantum meruit, and unjust enrichment, Plaintiffs ignore the fundamental principles that

3

their tariff is the sole source of the terms and conditions upon which service is provided and that the filed rate doctrine precludes a telecommunications carrier from recovering charges not defined in its filed tariff. In addition, Plaintiffs' allegations regarding Qwest's continuing refusal to pay for the services is irreconcilably inconsistent with Plaintiffs' allegations of an open account and implied agreement to pay. Accordingly, Counts II, III, IV and V of Plaintiffs' Complaint fail to state a claim upon which relief can be granted.

## ARGUMENT

### I.    STANDARD OF REVIEW.

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court must "accept as true all well-pled factual allegations in the complaint, and view the allegations of the complaint in the light most favorable to the plaintiff." *Anspach ex rel. Anspach v. City of Philadelphia*, 503 F.3d 256, 260 (3d Cir. 2007) (quotation and internal citation omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007)). Further, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 127 S. Ct. at 1969 (quotation omitted; emphasis in original). In this case, even assuming all of the factual allegations in Plaintiffs' Complaint are true and viewing them in the light most favorable to the Plaintiffs, Counts II, III, IV and V of Plaintiffs' Complaint fail to state a claim upon which relief can be granted as a matter of law.

## II.    KMC DATA'S FILED TARIFF CONCLUSIVELY AND EXCLUSIVELY GOVERNS THE RIGHTS AND LIABILITIES OF THE PARTIES.

As set forth in Plaintiffs' Complaint, KMC Data filed a tariff with the FCC which sets forth the charges for services provided by KMC Data in connection with the transmission of wireless toll free calls. Compl., ¶ 15. The filed tariff doctrine provides that common carriers must strictly adhere to the terms of their filed tariff. *See Am. Tel. & Tel. Co. v. Cent. Office Tel., Inc.*, 524 U.S. 214, 222 (1998), *reh'g denied*, 524 U.S. 972 (1998). "Under this doctrine, once a carrier's tariff is approved by the FCC, the terms of the federal tariff are considered to be the law and to therefore conclusively and exclusively enumerate the rights and liabilities as between the carrier and the customer." *Evanns v. AT&T Corp.*, 229 F.3d 837, 840 (9th Cir. 2000) (quotation omitted), *cert. denied*, 533 U.S. 911 (2001). The filed tariff doctrine was codified in Section 203(c) of the Communications Act, which provides that a carrier cannot "charge, demand, collect, or receive a greater or less or different compensation" for its services than those charges set forth in its filed tariff. 47 U.S.C. § 203(c).

"The filed tariff doctrine explicitly prohibits a carrier from collecting charges for services that are not described in its tariff." *Paetec Commc'ns*, 2005 WL 2145499, at *5. Deviation from the tariff is not permitted under any circumstance. *Id.*; *see also Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 656 (3d Cir. 2003) ("The filed rate doctrine forbids charging or collecting rates for services that vary with the rates scheduled for those services in a filed tariff.") Thus, pursuant to the filed tariff doctrine, KMC Data's filed tariff "conclusively and exclusively governs the rights and liabilities of the parties." *Paetec Commc'ns*, 2005 WL 2145499, at *5; *see also Alliance Commc'ns Coop., Inc. v. Global Crossing Telecomm., Inc.*, 2007 WL 1964271, at *7 (D.S.D. July 2, 2007) (explaining that the filed tariff doctrine "prohibits courts from

5

granting relief that would have the effect of changing the rate charged for services rendered pursuant to a valid tariff").

III.  **PLAINTIFFS' CLAIMS FOR BREACH OF IMPLIED CONTRACT, OPEN ACCOUNT, UNJUST ENRICHMENT AND QUANTUM MERUIT SEEK RECOVERY OF CHARGES OUTSIDE OF THE TARIFF AND THEREFORE FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Counts II (Breach of Implied Contract) and III (Action on Open Account), IV (Quantum Meruit), and V (Unjust Enrichment) of Plaintiffs' Complaint seek recovery of charges "not covered or governed by [KMC Data's] tariffs." Compl., ¶ 15. These claims fail as a matter of law.

A.  **Plaintiffs Fail To State A Claim For Breach Of Implied Contract And Action On Open Account.**

On May 18, 2004, the FCC issued its Eighth Report and Order addressing access charges for the very type of calls at issue here, *i.e.* wireless originated toll free calls. *Eighth Report and Order In the Matter of Access Charge Reform*, 19 F.C.C.R. 9108, ¶ 18 (F.C.C. 2004) ("Eighth Report and Order"). The FCC confirmed in its Eighth Report and Order that all tariffs, including access tariffs, "must clearly identify each of the services offered and the associated rates, terms, and conditions." *Eighth Report and Order*, ¶ 18. In support, the FCC cited with approval a decision from the United States District Court in Georgia, *ITC DeltaCom Commc'ns, Inc. v. U.S. LEC Corp.*, 2004 WL 3709999 (N.D. Ga. Mar.15, 2004). *Eighth Report and Order*, ¶ 18, n. 62.

In *ITC DeltaCom*, the long distance carrier (ITC DeltaCom) refused to pay access charges billed by the competitive local exchange carrier (US LEC) for wireless originated toll free calls because they were not within the scope of the carrier's tariff. *ITC DeltaCom Commc'ns, Inc. v. U.S. LEC Corp.*, 2004 WL 3709999, at *1 (N.D. Ga. Mar. 15, 2004). The Georgia Court entered judgment for the long distance carrier after finding that the tariff did not

6

clearly cover charges for the wireless originated toll free calls at issue. In doing so, the court rejected the carrier's claim that if the charges were outside of its tariff, the charges could be recovered under an open account. The court found that there could be no open account where the parties had not agreed upon a price. *Id.*, at * 6.

As in *ITC Deltacom*, there can be no open account here. Plaintiffs do not allege that the parties agreed upon a price. To the contrary, the Complaint alleges that "commencing with KMC Data's bill for services rendered during November 2005, [Qwest] began withholding payment, or "short-paying," for interstate access services…." Compl., ¶ 19. Plaintiffs further allege that Qwest "has refused to pay KMC Data's charges for its interstate access" and "has claimed that KMC Data's services are of no benefit to it." *Id.*, ¶ 21. These allegations refute any claim based upon an open account because they make clear that Qwest never consented to or otherwise requested KMC Data's "services," let alone agreed with KMC Data regarding a particular price for them. *ITC DeltaCom*, 2004 WL 3709999, at *6.

The allegations also foreclose Plaintiffs' claim for an implied agreement. "An implied-in-fact contract is a true contract arising from mutual agreement and intent to promise, but where the agreement and promise have not been verbally expressed. The agreement is inferred from the conduct of the parties." *In re Penn Central*, 831 F.2d 1221, 1228 (3d Cir. 1987) (*citing Baltimore O.R.R. v. United States*, 261 U.S. 592, 597 (1923)). Here, the conduct alleged by Plaintiffs is entirely inconsistent with any mutual agreement. *See* Compl., ¶¶ 19, 21. Plaintiffs allege that from the beginning, Qwest refused to pay for the services and claimed the "services" provided no benefit. *Id.*, ¶¶ 19, 25.

Moreover, these claims are barred because KMC Data's tariff is the sole source of any obligation to pay. *Paetec Commc'ns*, 2005 WL 2145499, at *3 (granting summary judgment on

7

implied contract claim because the "tariff is the exclusive source of the terms and conditions by which .. it provides to its customers the services covered by the tariff"); *see also Baer v. Chase*, 392 F.3d 609 (3rd Cir. 2004) (a contract cannot arise by implication in fact where there is an express contract between the parties relating to the same subject matter); *ITT Fed. Support Servs., Inc. v. United States*, 531 F.2d 522, 528 n. 12 (3rd Cir. 1976) ("The implied contract, if it is to be valid, must be entirely unrelated to the express contract. The existence of an express contract precludes the existence of an implied contract dealing with the same subject."). Accordingly, these claims fail to state a claim upon which relief may be granted and should be dismissed.

**B.    Plaintiffs Fail To State A Claim For Quantum Meruit And Unjust Enrichment.**

Plaintiffs' claims for quantum meruit and unjust enrichment similarly fail because they are barred by the filed tariff doctrine. Plaintiffs cannot avoid the terms of their tariff by relying upon equitable theories for payment for services outside of the tariff. Indeed, this very claim was presented to, and rejected by the court in *Paetec*. In *Paetec*, as here, the long distance company (MCI) objected to paying the charges billed by the CLEC (Paetec) for originating toll free calls from wireless callers. These are the very same types of calls at issue in this proceeding. Compl., ¶¶ 8 – 10.

The long distance company in *Paetec* alleged that the calls were outside the scope of the CLEC's tariff. The court agreed. The court then found that because the charges were for services outside of the scope of the carrier's tariff, payment was not owed. *Paetec Commc'ns*, 2005 WL 2145499, at *3. Nor could the carrier recover under equitable theories of unjust enrichment and quantum meruit. In entering judgment on these theories, the court stated:

> No material issues of fact remain as to Paetec's equitable counterclaims of quantum meruit and unjust enrichment. Under the filed tariff doctrine, where a carrier operates under the terms of a tariff, that tariff conclusively and exclusively governs the rights and liabilities of the parties. [Citation omitted.] As discussed above, Paetec has a strict obligation to specify its services and rates in its tariffs, and any claim that would allow Paetec to charge MCI outside the tariff is prohibited by the filed tariff doctrine. *Central Office*, 524 U.S. at 224; *Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 429-30 (4th Cir.2004).

*Id.*, at *5. The judgment was affirmed by the Fourth Circuit Court of Appeals. *MCI Worldcom Network Servs., Inc. v. Paetec Commc'ns, Inc.*, 204 Fed. Appx. 271, 272 n.2 (4th Cir. 2006) ("Under the filed rate doctrine, a carrier is expressly prohibited from collecting charges for services that are not described in its tariff.").

Counts IV and V of Plaintiffs' Complaint seeks recovery of charges under theories of unjust enrichment and quantum meruit if it is determined that the charges are not within the scope of Plaintiffs' filed tariff. Because Plaintiffs cannot recover charges for services outside the scope of their filed tariff, these claims fail to state a claim upon which relief can be granted. *Id.*; *see also Alliance Commc'ns Coop.*, 2007 WL 1964271, at *7 (granting motion to dismiss claim for unjust enrichment based on filed tariff doctrine); *Union Tel. Co. v. Qwest Corp.*, 2004 WL 4960780, at *15 (D. Wyo. May 11, 2004) (entering judgment against carrier on claims for quantum meruit and unjust enrichment), *aff'd*, 495 F.3d 1187 (10th Cir. 2007); *cf. AT&T Corp. v. JMC Telecom, LLC*, 470 F.3d 525, 532 (3d Cir. 2006) ("According to the filed rate doctrine, a customer is prevented from enforcing contract or tort rights that contradict the tariff.").

9

RLF1-3245937-1

## CONCLUSION

For the reasons set forth in this motion and pursuant to Fed. R. Civ. P. 12(b)(6), Qwest

respectfully requests that this Court dismiss Counts II, III, IV and V of Plaintiffs' Complaint.


Of Counsel:
Timothy R. Beyer
Amy L. Benson
Lauren E. Schmidt
Brownstein Hyatt Farber Schreck, P.C.
410 Seventeenth Street, 22nd Floor
Denver, CO  80202-4437
Telephone:  303-223-1100

Dated:  January 22, 2008

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant
Qwest Communications Corporation

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I caused to be served by hand delivery the

foregoing document and electronically filed the same with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE   19899-0951


Jeffrey L. Moyer (#3309)
moyer@rlf.com