## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HYPERCUBE, LLC and KMC DATA, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-822-GMS |
| | ) | |
| QWEST COMMUNICATIONS | ) | **JURY TRIAL DEMANDED** |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR A TEMPORARY STAY

OF COUNSEL:

Ky E. Kirby
Jonathan S. Frankel
Frank Lamancusa
Randall M. Levine
BINHGAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
(202) 373-6000

Dated: March 17, 2008
855460 / 32559

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs*
*HyperCube, LLC and KMC Data, LLC*

## TABLE OF AUTHORITIES

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

I.    ARGUMENT ....................................................................................................................1

II.    CONCLUSION ................................................................................................................5

TABLE OF AUTHORITIES

Page

## CASES

*Bechtel Corp. v. Local 214, Laborers' Int'l Union of North Am.,*
    544 F.2d 1207 (3d Cir. 1976)...................................................................................1

*Colorado River Water Conservation Dist. v. United States,*
    424 U.S. 800 (1976)........................................................................................2, 3

*Landis v. North American Co.,*
    299 U.S. 248 (1936)...........................................................................................1

*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,*
    460 U.S. 1 (1983)...........................................................................................3, 4

*Ryan v. Johnson,*
    115 F.3d 193 (3d Cir. 1997)................................................................................3

Plaintiffs HyperCube, LLC and KMC Data, LLC ("Plaintiffs") respectfully reply to

Qwest Communications Corporation's ("Qwest's") opposition to Plaintiffs' motion to

temporarily stay the instant action pending a decision by a Colorado state trial court in a related

litigation that may substantially affect the issues before this Court. As discussed below, Qwest's

objections to Plaintiffs' motion are unfounded and, for the reasons set forth in Plaintiffs' opening

memorandum and below, this Court should grant Plaintiffs' motion for temporary stay.

## I.

## ARGUMENT

The Third Circuit has recognized that "[i]n the exercise of its sound discretion, a court

may hold one lawsuit in abeyance to abide the outcome of another which may substantially

affect it or be dispositive of the issues."[1] As addressed in previous filings, Plaintiffs have

pending motions before a Colorado state trial court that, if granted, would dismiss certain claims

before that court that are also currently before this Court. Plaintiffs assert that a temporary stay

of the instant proceeding is warranted until such time as the Colorado state trial court renders a

decision on Plaintiffs' dispositive motions. At that point, this Court and the parties could better

determine how best to proceed with the instant matter.

Plaintiffs and Qwest each propose that the Court stay the present action. The parties

differ, however, as to the proposed stay's duration. While both Plaintiffs and Qwest seek to

avoid the costs of duplicative litigation and preserve judicial economy, Plaintiffs assert that a

stay in the instant proceedings should terminate when the Colorado state court renders its

---

[1]     *Bechtel Corp. v. Local 214, Laborers' Int'l Union of North America*, 544 F.2d 1207, 1215 (3d Cir. 1976). When exercising its discretion to issue a stay, a court must balance the competing interests of the parties. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

decision on Plaintiffs' pending dispositive motions. Qwest, on the other hand, argues that this Court, allegedly pursuant to *Colorado River*,[2] should wait until all claims in Colorado, whether parallel or not, are fully resolved. Qwest also asserts that, as crafted, Plaintiffs' proposed stay is inefficient and does not benefit the parties, because such a stay would terminate regardless of whether the Colorado court grants or denies Plaintiffs' pending dispositive motions.

To the contrary, lifting the stay when the Colorado court renders its decision will enable the parties and the Court to make *informed* decisions about whether and how to proceed with this litigation in light of the Colorado court's conclusions. For example, should the Colorado state court grant Plaintiffs' motions, there will be no reason to delay this proceeding, because the state litigation will no longer be parallel to this litigation. However, if the Colorado court denies Plaintiffs' motions and the cases remain parallel, then this Court and the parties will have to evaluate how best to proceed. Until the Colorado state court renders its decision, such considerations are premature.

In an effort that feigns conciliation, Qwest purports to advance an "alternative stay" to its *Colorado River* abstention doctrine request. Qwest submits, in the alternative, that a stay be entered until either: (1) the Colorado court dismisses the parallel claims; or (2) the Colorado proceeding is terminated if the parallel claims are not dismissed. Despite Qwest's characterization, Qwest's "alternative" is in fact the same request in that the "alternative" would have exactly the same practical effect as Qwest's proposed *Colorado River* stay.

First, under both *Colorado River* and Qwest's "alternative" proposed stay, if the Colorado court dismisses the parallel claims, the stay in this case must terminate. Pursuant to *Colorado River*, if the state and federal cases are not parallel, the district court "lacks the power

---

[2]       *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

to abstain"[3] and the matter must proceed. While Qwest's "alternative" proposed stay concedes this point by "proposing" that the stay terminate if the Colorado state court claims are dismissed, the stay must terminate under the law in any event.

Second, under both of Qwest's proposed stays, if the state and federal cases remain parallel, the stay will remain in effect until the Colorado state proceeding is entirely resolved. The collateral effect of the Colorado state court's decision would then preclude resolution of Plaintiffs' claims in this Court. Thus, just as under *Colorado River*, Qwest's "alternative" stay would require this Court to abstain completely from exercising jurisdiction over this instant dispute.

The purported "alternative" stay proposed by Qwest is therefore just another way of asking the Court to abstain from exercising jurisdiction over this case, despite the fact that many of the claims here are outside the subject matter jurisdiction of the Colorado state court. However, this Court lacks the power to abstain from exercising jurisdiction over a case properly before it under any theory other than the *Colorado River* abstention doctrine.[4] For the same reasons set forth in Plaintiffs' Opposition to Defendant's Motion to Stay Proceedings Pursuant to the *Colorado River* Abstention Doctrine, the Court should reject Qwest's purported "alternative" stay. Plaintiffs' motion for stay is a balanced alternative to the extreme and "extraordinary"

---

[3]     *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997).

[4]     *See Colorado River*, 424 U.S. at 818-19. *See also Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 27-28 (1983) ("[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.").

relief sought by Qwest.[5]  Accordingly, this Court should grant Plaintiffs' motion for stay pending resolution of the motions before the Colorado state court.

Qwest asserts that Plaintiffs should have removed the Colorado case to federal court in Colorado when Qwest asserted its federal claims.  Qwest's assertion is not only wrong because a case before a court (here Colorado) that lacks subject matter jurisdiction cannot be removed, but it also is immaterial to the Court's consideration of Plaintiffs' Motion for Stay, because it has no bearing on the parties' interests in the present motion.  Qwest also irrelevantly calls into question Plaintiffs' motivation for filing this action in the District of Delaware.[6]  Plaintiffs rationale for filing in the District of Delaware – to prevent portions of KMC Data's claims from being time barred in the event that the Colorado state court grants Plaintiffs' motion for voluntary dismissal of their interstate counterclaims – was set forth in Plaintiffs' Opposition to Defendant's Motion to Transfer Case to the Federal District of Colorado.

---

[5]     *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 14 (1983) ("The doctrine of abstention … is an *extraordinary* and narrow exception….").

[6]     Qwest also attempts to conflate a statement made by Plaintiffs' expert witness in the Colorado proceeding that he was not retained to testify about particular issues with the timing of Plaintiffs' filing of the instant complaint.  By doing so, Qwest commits the classic logical fallacy of mistakenly assuming that because one event precedes another, it must mean the first event caused the later one.  By focusing on a hypothetical connection, Qwest conveniently ignores Plaintiffs' stated statute of limitations concerns.

4

## II.

## CONCLUSION

For all the foregoing reasons, this Court should grant Plaintiffs' Motion for Temporary Stay.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ky E. Kirby
Jonathan S. Frankel
Frank Lamancusa
Randall M. Levine
BINHGAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
(202) 373-6000

Dated:  March 17, 2008
855460 / 32559

By:  */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs*
*HyperCube, LLC and KMC Data, LLC*

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 17, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 17, 2008, the attached document was Electronically Mailed to the following person(s):

Frederick Cotrell
Jeffrey L. Moyer
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19899

cottrell@rlf.com
moyer@rlf.com

Timothy R. Beyer
Amy L. Benson
Lauren E. Schmidt
Brownstein Hyatt Farber Schreck, P.C.
410 Seventeenth Street, 22nd Fl.
Denver, CO 80202-4437
tbeyer@bhfs.com
abenson@bhfs.com
lschmidt@bhfs.com

By:  /s/ David E. Moore
        Richard L. Horwitz
        David E. Moore
        Potter Anderson & Corroon LLP
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        P.O. Box 951
        Wilmington, DE 19899-0951
        (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

849078 / 32559